UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| CLARA LeBEAU, as Administrator of the Estate of Andrea Circle Bear, a/k/a "Andrea High Bear," deceased, <br>  Plaintiff <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br> Defendant | 4:23-cv-4038 <br><br> MEMORANDUM OPINION AND ORDER |

Pending before the Court is Defendant's motion to dismiss Plaintiff's claims brought pursuant to the Federal Tort Claims Act (hereinafter FTCA), (Doc. 5). Plaintiff has responded, (Doc. 24), and Defendant has replied, (Doc. 28). As explained below, the Court reserves ruling on Defendant's motion to dismiss pending jurisdictional discovery. The Court will rule on the motion following submission by the Parties of materials for the Court's consideration regarding the Court's jurisdiction. Plaintiff requested oral argument on the motion to dismiss. (Doc. 26). The Court denies the motion, which Plaintiff may renew if appropriate.

Plaintiff requests that she be given leave to amend her complaint to preclude dismissal. (Doc. 24, PgID 699). As discussed below, the Court grants leave to amend and directs Plaintiff to comply with the requirements of LR 15.1.

1

## BACKGROUND

Plaintiff is the mother of the decedent, Andrea Circle Bear, a/k/a/ Andrea High Bear (hereinafter Andrea Circle Bear), and the Grandmother and caretaker of Ms. Circle Bear's six minor children. She serves as the administrator of the decedent's estate. (Doc. 1-1). The claims are for negligence and wrongful death pursuant to 28 U.S.C. §§ 1346(b) and 2674. Count I alleges the Defendant breached its duty of care by transferring Ms. Circle Bear from South Dakota to Texas; Count II alleges negligence and wrongful death in connection with the manner of transfer and the treatment of Ms. Circle Bear at the conclusion of the transfer; and Count III alleges negligence and wrongful death in connection with the Defendant's duty to provide adequate medical care to Ms. Circle Bear. (Doc. 1).

Ms. Circle Bear pleaded guilty to maintaining a drug-involved premises in October, 2019, and was sentenced to 26 months imprisonment on January 14, 2020. (Id.) She was six months pregnant, and her pregnancy was deemed "high risk." At the time, she was detained in the Winner City Jail, with her medical care being handled in Winner and Pierre, S.D. In the course of the sentencing proceeding, the Judge recommended that she be sent to Federal Medical Center, Carswell (FMC Carswell), in Fort Worth, Texas. Ms. Circle Bear was transferred by plane to FMC Carswell on March 20, 2020. Plaintiff alleges that Ms. Circle

2

Bear was housed in crowded, unsafe, and unsanitary conditions at FMC Carswell, where she contracted Covid-19 on or about March 26, 2020. She received medical care at FMC Carswell on or about March 28, 2020, was sent to John Peter Smith Hospital (JPS), and returned to FMC Carswell on the same date. Plaintiffs allege that after Ms. Circle Bear's symptoms worsened, she was admitted to JPS Hospital on March 31, 2020. She was assigned to the intensive care unit, intubated, and placed on a ventilator. While she was in an induced coma, doctors performed an emergency Caesarian-section on April 1, 2020, and delivered a baby girl. Ms. Circle Bear remained in a coma and died on April 28, 2020.

The Parties supply information surrounding the Covid-19 pandemic, and, pertinent to the issues in the motion, describe the Bureau of Prisons Policy, Federal Bureau of Prisons COVID-19 Action Plan: Agency-Wide Modified Operations (updated March 13, 2020). (Doc. 1; Doc. 6, PgID 74). In general, the policy suspended internal inmate transfers, with some exceptions, although admission of newly-committed inmates would continue. (Doc. 6, PgID 74). Plaintiff supplies additional information from the U.S. Marshals Service, Covid-19 Detention Guidance, 3/19/20. (Doc. 1-4, PgID 54). The Parties also refer to18 U.S.C. § 3621 (establishing general authority of Bureau of Prisons to operate prisons); 18 U.S.C.§ 4042 (addressing duties of the Bureau of Prisons); 18 U.S.C. § 4086 (authorizing U.S. marshals to provide for the safe-keeping of federal offenders).

The Government has moved to dismiss Plaintiff's claims, alleging both lack of subject matter jurisdiction, F.R.C.P. 12(b)(1), and failure to state a claim upon which relief can be granted, F.R.C.P. 12(b)(6). Fed. R. Civ. P. 12(b)(1) and (b)(6).

The Government argues that a factual challenge pursuant to F.R.C.P. 12(b)(1) mandates dismissal of Counts I and II under the discretionary function exception to the FTCA. (Doc. 6). That is, in the Government's view, the decision to transport Ms. Circle Bear from South Dakota to Texas and the manner in which she was transported and treated upon arrival in Texas fall within the discretionary function exception because she was a new inmate whose transfer was permitted. Further, the Government argues the method of transportation and conditions of incarceration, including implementation of any safety or health measures, was a policy matter. The Government further asserts that implementation of Ms. Circle Bear's transfer and imprisonment were done with "due care." With respect to Count III, the Government argues the discretionary function exception extends to the aspects of Ms. Circle Bear's incarceration at FMC Carswell and to the medical care which she received. (Id.).

With respect to F.R.C.P. 12(b)(6), the Government asserts that all Counts should be dismissed. The Government first argues South Dakota law governs Counts I and II, and that pursuant to the substantive law of the State, the Defendant is exempt from liability for injuries stemming from Covid-19 in accordance with

S.D.C.L. § 21-68-1 through -4. The Government further argues Texas law governs Count III and that Tex. Civ. Prac. & Rem. Code Ann. § 74.155 shields it from liability in this case.

Plaintiff resists the motion, arguing Texas law governs all claims, offers no defense to Counts I and II, and is improperly raised at the pleading stage with respect to Count III. Plaintiff contends that the discretionary function exception does not apply because Defendants have violated the Constitution, federal statutes, and federal policy. Plaintiff further argues that the jurisdictional question is intertwined with the merits of Plaintiff's claims. Because of that, Plaintiff requests approval to engage in jurisdictional discovery to determine the scope of Marshals Service and Bureau of Prisons policies in the early days of the Covid-19 pandemic.

**LEGAL STANDARD**

1. Motion to Dismiss—Lack of Subject-matter Jurisdiction, F.R.C.P. 12(b)(1)

In every case, the court must first determine whether it has jurisdiction, given that Federal courts are not courts of general jurisdiction and have only the power that is authorized by Article III of the Constitution and statutes enacted by Congress pursuant thereto. *Flandreau Santee Sioux Tribe v. United States*, 565 F.Supp.3d 1154, 1163 (D.S.D. 2021) (quoting *Marine Equipment Mgmt. Co. v. United States*, 4 F.3d 643, 646 (8th Cir. 1993)). When a party moves for dismissal

under F.R.C.P. 12(b)(1), the court must assess whether the motion poses a "facial attack" or "factual attack." *Id.* (quoting *Osborn v. United States*, 918 F.2d 724, 729 n. 6 (8th Cir. 1990)). A facial attack is "based on the complaint alone or on undisputed facts in the record." *Id.* (quoting *Harris v. P.A.M. Transp., Inc.*, 339 F.3d 635, 637 (8th Cir. 2003)). As the Eighth Circuit noted in describing the parameters of a facial attack, "the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under 12(b)(6)." *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016) (quoting *Osborn*, 918 F.2d at 729 n. 6).

In a factual attack, the court "considers matters outside the pleadings, and the non-moving party does not have the benefit of 12(b)(6) safeguards." *Id.* The rationale for the distinction in treatment is that the trial court must be "free to weigh evidence and satisfy itself as to the existence of its power to hear the case." *Osborn*, 918 F. 2d at 730. Plaintiff bears the burden to establish jurisdiction. *Bourassa v. United States*, 581 F.Supp.3d 1188, 1193 (D.S.D. 2022) (citing *Green Acres Enter., Inc. v. United States,* 418 F.3d 852, 856 (8th Cir. 2005)). The United States avers that its challenge to jurisdiction is a factual attack. (Doc. 6).

2. Motion to Dismiss—Failure to State a Claim, F.R.C.P. 12(b)(6)

To avoid dismissal under Rule 12(b)(6), *Ashcroft v. Iqbal* requires that the complaint include "sufficient factual matter, accepted as true, to state a claim to

6

relief that is plausible on its face." 556 U. S. 662, 678, 129 S. Ct. 1937,1949,173 L. Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U. S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). See *Spagna v. Phi Kappa Psi, Inc.,* 30 F.4th 710, 715 (8th Cir. 2022) (dismissal proper where factual allegations failed to state a plausible claim for relief and amounted to only a possibility that relief was warranted); *Faulk v. City of St. Louis,* 30 F.4th 739, 744 (8th Cir. 2022) (quoting *Iqbal* standard and reversing denial of motion to dismiss); *Olmsted Medical Center v. Continental Casualty Company,* 65 F.4th 1005, 1008 (8th Cir. 2023) (affirming dismissal for failure to meet standard).

As the court considers a motion to dismiss under Rule 12(b)(6), it must assume all facts alleged in the complaint are true. *Coleman v. Watt,* 40 F.3d 255, 258 (8th Cir. 1994). See also *Yankton Sioux Tribe v. U.S. Dept. of Health & Human Services,* 496 F. Supp. 2d 1044 (D.S.D. 2007); *Broin and Associates, Inc. v. Genencor Intern., Inc.,* 232 F.R.D. 335, 338 (D.S.D. 2005). The complaint is to be viewed in the light most favorable to the non-moving party. *Broin,* 232 F.R.D. at 338 (citing *Frey v. Herculaneum,* 44 F.3d 667, 671 (8th Cir. 1995)). Although the court should grant the Motion to Dismiss only in the "unusual" situation in which a plaintiff includes allegations that show on the face of the complaint that there is "some insuperable bar to relief," it is a requirement that the complaint "contain facts which state a claim as a matter of law and must not be conclusory." *Frey,* 44

7

F.3d at 671. While conclusory statements are insufficient, well-pleaded factual allegations should be deemed true and the District Court should proceed to determine whether the complainant is entitled to relief. *Drobnak v. Andersen Corp.*, 561 F.3d 778 (8th Cir. 2009).

When the court considers dismissal for failure to state a claim upon which relief can be granted under Rule 12(b)(6), it examines the complaint and "'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned' without converting the motion into one for summary judgment." *Faloni and Associates, LLC v. Citibank N.A.*, 2020 WL 4698475, *2 (D.S.D. 2020) (quoting *Miller v. Redwood Toxicology Lab, Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012) (citing 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2004))).

3. Federal Tort Claims Act--Discretionary Function

The Federal Tort Claims Act provides a waiver of the United States' immunity from suit in certain instances involving the following:

> civil actions on claims against the United States, for money damages, …for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).  See also 28 U.S.C. § 2674.

Pertinent to this case, FTCA includes exceptions to the waiver of liability. The discretionary function exception provides that there is no waiver of liability for a claim based upon an action of an employee exercising "due care" in executing a statute or regulation, or based upon the exercise or performance of a "discretionary function or duty," or failure to exercise or perform said function or duty.  28 U.S.C. § 2680(a).

The United States Supreme Court has fashioned a method for determining whether the discretionary function exception applies to a set of facts.  *United States v. Gaubert*, 499 U.S. 315 (1991).  First, determine whether a "federal statute, regulation, or policy" directs a course of action for a federal employee to follow. *Id.* at 322.  If so, the discretionary function exception does not apply.  *Id.*  If, on the other hand, the employee's actions "involve an element of judgment or choice," the determination must be made whether "that judgment is of the kind that the discretionary function exception was designed to shield." *Id.* at 322-23 (quoting *Berkovitz v. United States*, 486 U.S. 531, 536 (1988)).  As such, *Gaubert* instructed, "when properly construed, the exception 'protects only governmental actions and decisions based on considerations of public policy.'" *Id.* (quoting *Berkovitz,* 486 U.S. at 537).

The Eighth Circuit discussed the discretionary function exception to FTCA in *Mound v. United States*, ---F.4th ---, 2023 WL 3911505 (8th Cir. 6/9/23), petition for certiorari filed 9/1/23. The court reiterated that "if the discretionary function exception applies, 'it is a jurisdictional bar to suit.'" *Id.* at *1 (quoting *Hernden v. United States*, 726 F.3d 1042, 1046 (8th Cir. 2013)). The court emphasized that it is imperative to assess whether the governmental action at issue is "susceptible to policy analysis," to avoid "judicial second-guessing of...decisions grounded in social, economic, and political policy." *Id.* at *2 (quoting *Gaubert*, 499 U.S. at 325). Furthermore, Government employees "need not have made 'a conscious decision regarding policy factors'" if the pertinent decision "was susceptible to a 'balancing of public policy objectives.'" *Metter v. United States*, 785 F.3d 1227, 1233 (8th Cir. 2015) (quoting *Kiehn v. United States*, 984 F.2d 1100, 1105 (10th Cir. 1993)). Plaintiff must rebut the presumption that discretion is grounded in policy considerations. *Alberty v. United States*, 54 F. 4th 571, 575 (8th Cir. 2022) (citing *Buckler v. United States*, 919 F.3d 1038, 1044 (8th Cir. 2019)).

In light of the Government's position that the employees' actions with respect to the transfer of Ms. Circle Bear to FMC Carswell and her treatment there are protected by the discretionary function, thus necessitating dismissal of her claims under Rule 12(b)(1), Plaintiff requests the opportunity for jurisdictional discovery. As the Eighth Circuit stated in *Johnson v. United States*, "trial courts

have wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)."  534 F.3d 958, 964 (8th Cir. 2008).  *Johnson* advised that in seeking jurisdictional discovery a party should file an affidavit describing (1) what facts are sought and how they can be obtained; (2) how the facts would raise a genuine issue of material fact; (3) what efforts Plaintiff has made to obtain them; and (4) why the efforts were unsuccessful. *Id.* at 965.  As the Court ruled in *Patterson v. United States*, limited discovery addressing the issue of jurisdiction is permissible if it can assist the court in determining whether it has jurisdiction.  2017 WL 4381526, at *2-3 (D.S.D. 9/29/17). See also *Eagle v. United States*, 2023 WL 5978034, at *2 (D.S.D. 9/14/23) (denying jurisdictional discovery*); F.D.I.C. v. Dosland*, 50 F.Supp.3d 1070, 1077-78 (N.D. Iowa 2014) (permitting jurisdictional discovery, and providing options for how it might be conducted).

4. Choice of Law

As noted above, FTCA provides that lawsuits within its purview are governed in accordance with the law of the place where the act or omission occurred.  28 U.S.C. § 1346(b)(1).  When an act or injury occurs in multiple jurisdictions, South Dakota applies the "significant relationship approach."  See *Chambers v. Dakotah Charter, Inc.*, 488 N.W.2d 63, 67 (S.D. 1992) (adopting the approach of Restatement (Second) of Conflict of Laws §§ 145 and 6 (1971)).  In

11

*Chambers*, the South Dakota Supreme Court focused on the contacts of the injured party to the possible sources of governing law. *Id.* at 68. The court cited the origin of the conduct at issue, domicile, residence, place of the relationship of the parties, economic impact of the lawsuit, and the "fortuitous" location of the injury. *Id.*

The comment of the Restatement with respect to wrongful death is as follows:

> The local law of the state where the injury occurred is most likely to be applied when the decedent had a settled relationship to that state, either because he was domiciled or resided there or because he did business there. When, however, the decedent was domiciled or resided or did business in the state where the conduct occurred, this state is more likely to be the state of most significant relationship and, therefore, the state of the applicable law with respect to issues that would usually be determined by the local law of the state of injury.

Restatement (Second) of Conflict of Laws § 175 (1971).

## ANALYSIS

The Parties' arguments with respect to each Count of the complaint will be considered in order as follows:

*Count I*—As noted, Defendant moves to dismiss, invoking the discretionary function exception with respect to the decision to transfer Ms. Circle Bear to Texas. The Government cites applicable regulations pertaining to USMS and the BOP. As *Mound* reiterated, this is a jurisdictional issue under Rule 12(b)(1). In addition, the Government argues that South Dakota law should apply to Count I because the actions in connection with the decision to transfer were made in South

Dakota. In the Government's view this would result in dismissal under Rule 12(b)(6) because the Government's conduct would be shielded from liability under South Dakota's laws shielding certain persons from liability in connection with their actions during the Covid-19 pandemic. S.D.C.L. §§ 21-68-1 through -4.

Plaintiff resists dismissal, arguing Texas law applies to the transfer decision, which would lead to rejection of dismissal under Rule 12(b)(6) at this juncture. Plaintiff argues that employees from various jurisdictions, not only South Dakota, dealt with the request to transfer Ms. Circle Bear. The Declaration of Kevin Wykert appears to support this description. (Doc. 8, offered in support of motion to dismiss). Plaintiff also argues that jurisdictional discovery should be permitted to enable her to determine whether informal policies or procedures exist that would enable her to resist the claim of lack of jurisdiction under Rule 12(b)(1) due to the discretionary function exception. Plaintiff seeks leave to amend Count I if the Court determines that South Dakota law should govern.

The claims in Plaintiff's lawsuit arise from a tragic situation and merit close scrutiny. It is not clear at this juncture that Plaintiff can prevail on Count I, but discovery may yield relevant information in support of her claim. Therefore, the Court reserves ruling on the motion to dismiss at this time and will permit Plaintiff to conduct jurisdictional discovery limited to the question whether any informal policy or procedure existed that applied to the decision-making authority of the

employees involved in making the decision to transfer Ms. Circle Bear. The Court reserves ruling on whether South Dakota or Texas law applies to Count I pending the results of this discovery.

Should the Plaintiff choose to replead the claim, she may do so in accordance with LR 15.1. The Court finds that permitting amendment is in the interest of justice. F.R.C.P. 15(a)(2). See *Rivera v. Bank of America*, 993 F.3d 1046, 1051 (8th Cir. 2021) (quoting standard); *Roeman v. United States*, 2021 WL 2351684, at *2 (D.S.D. 2021). A scheduling order has not been issued, so the requirements of F.R.C.P. 16 do not apply.

*Count II*-- Plaintiff alleges negligence in the circumstances of Ms. Circle Bear's flight from South Dakota to Texas and in the conditions of her confinement at FMC Carswell upon her arrival. As is the case with Count I, Plaintiff seeks to conduct jurisdictional discovery to determine whether any policies or procedures were in place that governed the conditions that should exist on the flight, as well as at FMC Carswell when Ms. Circle Bear was housed there.

The Government argues that dismissal is proper under Rule 12(b)(1) because the conduct of the employees on the flight and at FMC Carswell are protected by the discretionary function exception to FTCA, and therefore, the Court lacks jurisdiction over the claim. Defendants argue further that South Dakota law

14

applies and that the employees are exempt from liability requiring dismissal under Rule 12(b)(6).

For the same reasons that apply to Count I, the Court reserves ruling on the motion to dismiss and will permit Plaintiff to conduct jurisdictional discovery to determine whether such policies or procedures were in place at the time of Ms. Circle Bear's flight and upon her arrival and incarceration at FMC Carswell. Due to the occurrence of the majority of the claimed acts and omissions in Texas, the Court will apply Texas law to Count II.

As with Count I, should Plaintiff choose to replead Count II, she may do so in accordance with LR 15.1. The Court finds permitting amendment is in the interest of justice. F.R.C.P. 15(a)(2). See *Rivera*, 993 F.3d at 1051; *Roeman*, 2021 WL 2351684, at *2.

*Count III*—The Parties agree, as does the Court, that Count III is governed by Texas law and that is the law the Court will apply. As with Counts I and II, the Government argues the discretionary function exception to FTCA applies and therefore the Court lacks jurisdiction under Rule 12(b)(1). The Government further argues that Rule 12(b)(6) dictates dismissal as well, because Plaintiff's claim would be barred under Texas law. The Government asserts that amendments to Plaintiff's pleading would be futile, because it is clear on the face of the complaint that dismissal is required.

Plaintiff argues that the discretionary function exception does not apply to the acts and omissions allegedly involved in Count III. She seeks to replead her claim to allege reckless conduct and possible Constitutional violations by Defendants. As with Counts I and II, the Court finds it is in the interest of justice to permit Plaintiff to amend Count III. F.R.C.P. 15(a)(2). See *Rivera*, 993 F.3d at 1051; *Roeman*, 2021 WL 2351684, at \*2.

## CONCLUSION

Plaintiff's claims arising from the death of Ms. Circle Bear raise questions about the Government's decision to transfer her from a jail in South Dakota to a prison in Texas, as well as to the circumstances of the flight, and her treatment at FMC Carswell and a local hospital once she arrived. As it stands, Plaintiff's complaint alleges negligence and wrongful death in all facets of the transportation and treatment of the decedent with respect to her transfer to FMC Carswell.

The Government has alleged that Plaintiff's claims must be dismissed under Rule 12(b)(1) because a factual attack to the complaint demonstrates the Court lacks jurisdiction based on the provisions of the Federal Tort Claims Act. The Government also alleges dismissal is proper based on Rule 12(b)(6) because applicable statutes shield the Government from liability. Plaintiff challenges these arguments and requests both jurisdictional discovery and leave to replead.

The Court deems Plaintiff's requests for jurisdictional discovery and for the opportunity to replead appropriate in this case, and grants the requests in the interests of justice.

Accordingly, IT IS ORDERED:

1. Discovery is permitted by both Parties, limited to the issue of jurisdiction;

2. The Parties shall submit to the Court for its consideration any additional memoranda and affidavits regarding the issue of jurisdiction, to be filed with the Court in accordance with the following schedule:

   a. Defendant's brief:  December 1, 2023;

   b. Plaintiff's response:  January 5, 2024.

3. Plaintiff may amend the complaint in accordance with LR 15.1;

4. Plaintiff's motion for oral argument is denied without prejudice.

Dated this 9th day of November, 2023.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

17